McKinney, J.
delivered the opinion of the court.
The chancellor, on motion of the defendant’s solicitor, dismissed the bill in this case for want of prosecution, Under the act of 1801, ch. 6.
The bill was for a divorce. Process of subpoena to answer was issued but service thereof was evaded. An attachment for contempt for violation of an injunction was also issued in the cause, the service of which was likewise evaded.
It appears that at the February rules, 1848, an answer purporting to have been prepared and sworn to in the State of Mississippi, was received by the clerk and master at rules in his office, and was endorsed by him as filed in the cause. It seems that no notice was taken of the answer; nor does it appear from the record before us that any step was taken in the cause by the complainant after the same was filed. During the second term after the answer was received by the clerk, the motion to dismiss the bill for want of prosecution was allowed. In allowing this motion the chancellor erred. The defendant was in contempt, and being so, his answer could not be received, nor could he be heard to make a motion to dismiss till the contempt was cleared; and for the purpose of being discharged from the contempt, an order of the chancellor in court was necessary, unless *466 the contempt had been waived. 1 Dan. Ch. Pr. 559, 560; 1 Smith Ch. Pr. 62, note a, 2d Am. Ed.
The clerk Rad no authority to discharge the contempt or to receive the answer. It was improperly placed on file, and the complainant had the right to treat it as a nullity.
The order of the chancellor will be reversed and the cause be remanded and reinstated upon the docket of the ehaucery court.