# EDWIN WALTER HORLACHER v. MARY CECILIA DAVIS HORLACHER.—429 S.W.(2d) 438.

Middle Section. December 1, 1967.

Certiorari Denied by Supreme Court March 4, 1968.

Joseph L. Lackey, Jr., Nashville, for plaintiff in error.

A. B. Neil, Jr., Nashville, for defendant in error.

SHRIVER, P.J. This cause involves interpretation of Tennessee Code Annotated, Section 36-802, as amended by Chapter 283, Acts of 1963 of the General Assembly. Said Section is entitled "Causes of Divorce from Bed and Board or from Bonds of Matrimony" and the amendment in question is as follows:

"Provided, however, that the circuit, chancery or such other court specifically empowered to grant divorces shall also have the power to grant absolute divorces to either party where there has been a final decree from (of) divorce from bed and board, or of separate maintenance for more than two (2) years, upon a petition being filed by either party that sets forth the original decree for divorce from bed and board, or separate maintenance, and that the parties have not become reconciled. The court granting the absolute divorce shall make a final and complete adjudication of the support and property rights of the parties. However nothing in this paragraph shall pre-

clude the divorce forum from granting an absolute divorce before the two (2) years has expired."

On March 27, 1963, Mrs. Horlacher filed a bill for separate maintenance against Edwin Horlacher who subsequently filed an answer and cross-bill asking for an absolute divorce against Mrs. Horlacher.

The case was heard and a final decree entered on November 4, 1963, granting separate maintenance to Mrs. Horlacher and dismissing the cross-bill of the cross-complainant Edwin Horlacher.

The matter before the Court on this appeal was initiated by a petition of plaintiff-in-error, Edwin Horlacher, filed on September 20, 1966, setting forth the fact that the foregoing separate maintenance decree was awarded Mrs. Horlacher, November 4, 1963, and alleging that the parties had not become reconciled since the decree was entered and praying that the petitioner be granted an absolute divorce pursuant to the provisions of 36-802, T.C.A. There was also a prayer for general relief.

On November 21, 1966, Mrs. Horlacher filed an answer admitting that the final decree set out in the petition was accurate and that the parties had not become reconciled. She neither admitted nor denied that plaintiff-in-error was entitled to an absolute divorce under the provisions of the foregoing Code Section but demanded strict proof.

On May 29, 1967, a hearing was held before Honorable Shelton Luton in the Fourth Circuit Court of Davidson County on the petition, the answer, the testimony of the parties and the entire record, whereupon, the Court ruled as follows:

"It seems to me that grounds for a divorce in favor of the petitioner, here, who is Mr. Horlacher, would

have to exist in addition to the existence of this separate maintenance suit, in order to entitle him to a divorce from Mrs. Horlacher. So I am ruling that the Court cannot grant to Mr. Horlacher an absolute divorce on the basis of the petition which he has filed, and on the strength of the proof here, and on the basis of the Court's construction of that Code section under which he has filed this petition.''

The foregoing was implemented by a decree of June 12, 1967, fixing the weekly payments to be made by Mr. Horlacher under the separate maintenance decree at an amount somewhat reduced from that previously ordered and decreed.

From this action of the Court the petitioner has appealed and has assigned as error the ruling of the Court that petitioner was not entitled to an absolute divorce under the provisions of the foregoing statute and the record.

We think the judgment of the Trial Court must be affirmed. The petition seeking an absolute divorce relies entirely upon the fact that November 4, 1963 a final decree of separate maintenance was entered in favor of Mrs. Horlacher and that no reconciliation has occurred since that time. It prays for a hearing and that an absolute divorce be granted pursuant to the provisions of 36-802, T.C.A.

No other grounds for divorce are alleged.

It is to be observed that the section of the code relied on provides that ''The Circuit, Chancery or such other Court specifically empowered to grant divorces shall also *have the power* to grant absolute divorces to either party, where there has been a final decree of divorce from bed

and board, or of "separate maintenance for more than (2) years * * *".

The Court is granted the power to grant an absolute divorce but certainly the statute does not make it mandatory to grant a divorce where the decree of separation has existed for more than two years without a reconciliation. The question of granting an absolute divorce still addresses itself to the judgment and sound discretion of the Trial Judge in the light of the record before him.

In Bennett v. Bennett, 40 Tenn.App. 416, 292 S.W.2d, 202, it was held as follows:

"Where the allegations in a complaint for an absolute divorce stated discretionary grounds for a divorce from bed and board or from the bonds of matrimony, the trial court was vested with the discretion to award either decree, and the Court of Appeals would not interfere with the exercise of that discretion unless it was abused."

The petitioner herein, Mr. Horlacher, testified to some facts and circumstances in connection with the relation of the parties while living apart under the separate maintenance decree which might conceivably constitute grounds for the relief he seeks if alleged and proved. However, there are no pleadings to support the introduction of such proof by the petitioner. In short, it is our ruling that the statute alone is not sufficient upon which to predicate a decree for absolute divorce in the absence of pleading and proof laying other grounds than the existence of the decree of separate maintenance or divorce from bed and board for more than two years without reconciliation. The statute, of course, should be taken into consideration by the Court hearing the petition and

due weight given its provisions in view of the obvious legislative intent.

But, as is pointed out by counsel for the respondent, to hold as is insisted by the petitioner, might often result in allowing one to profit or obtain advantage from his own wrongful acts and such a result was not intended by the passage of the Amendatory Act.

It results that the assignments are overruled and the judgment of the Trial Court is affirmed.

We are asked to fix attorneys fees for counsel for defendant-in-error, Mrs. Horlacher, for services below and in this Court. The cause will be remanded to the Trial Court for any further or future proceedings that may be necessary and proper and the Court will consider the question of attorneys fees and fix same upon remand.

Affirmed and remanded.

Puryear and Todd, JJ., concur.