DOROTHY ANNETTE ABNEY, Complainant-Appellee,
v. JAMES HAROLD ABNEY, Defendant-Appellant.
—456 S.W.2d 364.

Middle Section.  March 26, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

532

534

William P. Ortale, Nashville, for complainant-appellee.

J. W. Rutherford, and J. William Rutherford, Nashville, for defendant-appellant.

TODD, J. Defendant, James Harold Abney, has appealed from a decree denying his supplemental petition for absolute divorce under sec. 36-802, T.C.A., 1963 amendment, and granting complainant's petition for increase in amount of support payments.

On May 25, 1964 the trial court entered a decree of separate maintenance, ordering payment of $300.00 per month. Upon appeal, said decree was modified by this Court by reducing said payments to $260.00 per month. On October 23, 1967, defendant filed a petition requesting that the complainant be awarded an absolute divorce because the parties had been legally separated more than two years without reconciliation. The complainant wife moved to dismiss the petition because of the husband's previously adjudged contempt of court. A detailed answer was also filed by the wife wherein she requested that maintenance payments be increased.

The decree, from which this appeal was taken, recites:

"This cause came on to be heard March 25, 1969, before the Honorable Shelton Luton, Judge upon the petition of the defendant, James Harold Abney, seeking to have an absolute divorce granted to complainant, Dorothy Annette Abney, the procedendo and order of remand of the Supreme Court, the preliminary motion of the complainant, complainant's answer to the petition, testimony of the complainant adduced orally before the Court and exhibits thereto, testimony by deposition of Lieutenant Colonel John A. Barrett,

M.D., on behalf of the complainant and testimony by deposition of the defendant, briefs and arguments of counsel and the entire record in the cause, all of which the Court took under advisement and from which the Court finds after considerable deliberation as set out in its memorandum opinion dated June 23, 1969, (which memorandum is hereby incorporated in toto, by reference) and as a result of these findings the Court is of the opinion that the defendant is in open and notorious contempt of the orders of this Court, that the defendants contempt predates the petition of the defendant and that the defendant has never made any attempt to purge this contempt and that the defendants contempt of Court bars him from asking this Court to grant an absolute divorce to his wife, and therefore defendants petition should be dismissed, * * *''

The decree then orders that defendant's petition be dismissed and that the support payments be increased to $375.00 per month.

There are three assignments of error, of which the third is as follows:

''The Honorable Probate Court of Davidson County, Tennessee erred in ruling that no relief could be granted under this petition because of a ruling of contempt of Court against James Harold Abney in the year 1965.''

The memorandum opinion of the trial judge refers to a judgment of contempt, dated June 9, 1965, based upon non-payment of $1,160.00 support ordered by the court. Said judgment of contempt is not preserved in the record presented with this appeal. There is evidence in the record that no part of said arrearage has been paid.

There is no evidence in this record of any effort on the part of defendant to purge himself of said contempt.

In Bradshaw v. Bradshaw, 23 Tenn.App. 359, 133 S.W.2d 617 (1939), the wife filed a petition for contempt for failure to pay alimony. Thereafter, the husband filed a petition for reduction of alimony. Upon hearing the first petition, the court adjudged the husband to be guilty of contempt and sustained a motion to strike the husband's petition for reduction. Upon appeal, this Court affirmed the judgment of contempt. Citing authorities, this Court also held that a court may properly refuse to hear any application of a party who is guilty of wilful contempt of court.

Defendant urges that the present case is distinguishable from *Bradshaw*, because in that case both contempt and stricken petition related to the same matter; i.e., alimony. It is insisted that in the present case the contempt involves support, and the dismissed petition involves a decree of absolute divorce, which are separate matters neither of which should affect the other. This proposition is not supported by citation of authority, nor is it supported by considerations of judicial or public policy.

This case is distinguishable from *Bradshaw* only by the gravity and duration of the contempt. In *Bradshaw* the defendant was adjudged guilty of contempt while his petition for reduction was pending and while he earnestly protested his inability to pay. In the present case, the defendant had been adjudged guilty of contempt over two years before his petition for absolute divorce was filed. There is no evidence in this record suggesting the slightest excuse for defendant's failure to pay the

$1,160.00 delinquency or otherwise purge his contempt during the period from June 9, 1965 when he was adjudged guilty of contempt until October 23, 1967, when his petition was filed, or even before July 21, 1969 when his petition was dismissed.

█ It can hardly be urged that there is a "statute of limitations" whereby a disobedient party may be purged of contempt by the lapse of time. The unexplained failure of a party to obey the orders of the court becomes more serious, rather than less serious with continued noncompliance.

In Gant v. Gant, 29 Tenn. 464 (1850), cited in *Bradshaw*, supra, the contempt related to violation of a preliminary injunction relating to disposal of property. The suit was dismissed on motion of the defendant. The Supreme Court reversed and said:

"* * * During the second term, after the answer was received by the clerk, the motion to dismiss the bill for want of prosecution was allowed. In allowing this motion the chancellor erred. The defendant was in contempt, and being so, his answer could not be received, nor could he be heard to make a motion to dismiss till the contempt was cleared, and, for the purpose of being discharged from the contempt, an order of the chancellor in court was necessary, unless the contempt had been waived. 1 Dan.Ch. Pr. 559, 560; 1 Smith Ch.Pr. 62, note a, 2d Am. ed.

"The clerk had no authority to discharge the contempt or to receive the answer. It was improperly placed on file and the complainant had the right to treat it as a nullity." 29 Tenn., pp. 465-466.

It is noteworthy that in his deposition the defendant offers no excuse or justification for his continued and contemptuous disobedience of the prior order of court.

Under the circumstances reflected by this record, the trial judge was justified in refusing to hear the petition of defendant because of his previously adjudged, unexplained and unpurged contempt of court.

The third assignment of error is respectfully overruled.

The foregoing renders unnecessary any consideration of the first assignment which complains of the denial of the petition for an absolute divorce. The first assignment is therefore pretermitted.

█ It should be noted, however, that even if the third assignment were sustained, it would be impossible for this Court to consider the application for divorce upon its merits. The obvious intent of the 1963 amendment to sec. 36-802 T.C.A. is that the trial judge consider the entire case ab initio, including pleadings and evidence at former hearings, in deciding whether to grant the supplemental petition for absolute divorce. The record before this Court in this appeal does not enable this Court to so consider the merits of the case. Only recent pleadings, the evidence at the last hearing and the decree thereon are included in this record.

█ It is not mandatory that the court grant an absolute divorce upon the sole ground of two years legal separation without reconciliation, without pleading and proof of other grounds. Horlacher v. Horlacher, 58 Tenn.App. 242, 429 S.W.2d 438 (1967).

■ The 1963 amendment to sec. 36-802 T.C.A. did create additional circumstances under which the courts in their discretion were empowered to grant absolute divorces, but when granted under the provisions of this amendment, such divorces must be granted to the same person who obtained the original relief. Abney v. Abney, 222 Tenn. 160, 433 S.W.2d 847 (1968). This limitation necessarily implies a retrospective consideration of previous pleading, evidence, and decree granting the original relief.

■ The desires of the party without fault are considered, but not controlling. Abney v. Abney, supra.

■ Defendant protests bitterly that he is immured in the thralldom of enforced celibacy as deplored in Lingner v. Lingner, 165 Tenn. 525, 56 S.W.2d 749 (1932). This may be true, but, according to the testimony of the parties, it is defendant who is unwilling to cohabit with his wife, rather than the reverse. In·this respect, celibacy of defendant is voluntary, rather than enforced.

■ Furthermore, the freedom to legally cohabit with a partner of choice, as desirable as it may be, is not the sole consideration in the preservation or dissolution of the bonds of matrimony. The present case is an outstanding exception to the pronouncements of Lingner v. Lingner.

The limited record before this Court at this time portrays the defendant as a member of the Armed Forces who, having married and been divorced from a previous wife, married the complainant herein and produced two children. In 1964, the complainant obtained the initial relief of separate maintenance, presumably because of misconduct of defendant. Defendant completely ignored

the orders of the court until the intervention of a Member of Congress and representations from his superiors brought about some compliance. Defendant has sought an absolute divorce in another state. Said application is still pending, and complainant has been burdened with the expense of retaining counsel to resist said application.

Complainant is now afflicted with a severe form of crippling arthritis for which she receives extensive medical attention and treatment without charge from facilities of the armed forces. This free service would terminate upon the termination of the marital relation between complainant and defendant.

Complainant testifies that she has been ever ready and still is ready for reconciliation with defendant. Defendant testifies that a reconciliation is impossible.

It is difficult to conceive how a trial judge could be reversed for declining to pronounce an absolute divorce under such circumstances.

■ ■ The 1963 amendement to sec. 36-802, T.C.A. was largely aimed at those situations wherein the so-called "guilty party" was willing to be reconciled and the so-called "innocent party" declined to become reconciled. Although not limited to such situations, it is extremely doubtful that the legislature intended to provide a means whereby a wrongdoer might force an unwanted divorce upon the innocent spouse by persistence in wrong-doing and refusal to reconcile for an additional two years. The policy of society and the State is to encourage preservation of marriage by reconciliation rather than to reward a refusal to be reconciled.

The second assignment of error complains of the action of the trial judge in increasing the support for wife and children to $375.00 per month. It is insisted that no basis is shown for such an increase.

The narrative bill of exceptions contains evidence that the expenses of maintaining complainant and her two children have increased to $473.01 per month because of the necessity of removal from her parents' home to a separate residence. There is also reference to pay increases received by defendant, which he has not denied. There is evidence to support the increase in support, and none is cited or found to the contrary.

The amount of support allowed to wife and children is within the sound discretion of the trial judge, whose judgment will not be disturbed in the absence of an abuse or misuse of such discretion or palpable injustice. Crouch v. Crouch, 53 Tenn.App. 549, 385 S.W.2d 288 (1964), and authorities cited therein.

This judgment, as all other non-jury judgments, comes to this Court for review de novo, accompanied by a presumption of its correctness unless the evidence preponderates otherwise. Sec. 27-303, T.C.A. The evidence does not preponderate otherwise.

The second assignment of error is respectfully overruled.

This Court is not oblivious to the hardships imposed by necessity upon estranged spouses. The peculiar situation of these parties makes their hardships more onerous than usual. The courts do not have unlimited power to relieve hardship and license pleasure, at the expense of undue hardship to innocent parties.

The decree of the trial judge dismissing the petition of defendant and increasing support payments to $375.00 per month is affirmed. The defendant-appellant will be taxed with costs of this appeal.

Affirmed.

Shriver, P. J. (M.S.), and Puryear, J., concur.