JOE LARRY TURNBO,                    )
                                     )        **Wayne Chancery**
         **Plaintiff/Appellant,**    )        **No. 8490**
                                     )
**VS.**                              )
                                     )        **Appeal No.**
**BRENDA JANE (THOMPSON) TURNBO,)**           **01A01-9307-CH-00314**
                                     )
         **Defendant/Appellee.**     )

FILED

December 11, 1996

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF WAYNE COUNTY, TENNESSEE
### AT WAYNESBORO

### HONORABLE JIM T. HAMILTON, JUDGE

MICHAEL W. BINKLEY
150 Second Avenue, N.
Suite 300
Nashville, Tennessee 37219
ATTORNEY ON APPEAL FOR PLAINTIFF/APPELLANT

DENNIS PLUNK
404 W. Main Street
Savannah, Tennessee 38372
ATTORNEY AT TRIAL FOR PLAINTIFF/APPELLANT

CLAUDIA S. JACK
Jack & Jack, Attorneys
22 Public Square
Columbia, Tennessee 38402-0827
ATTORNEYS FOR DEFENDANT/APPELLEE

THOMAS W. HARDIN
102 W. 7th Street
Columbia, Tennessee 38402
ATTORNEYS FOR DEFENDANT/APPELLEE

### MODIFIED, AFFIRMED AND REMANDED.

                              HENRY F. TODD, PRESIDING JUDGE

CONCUR:
SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

JOE LARRY TURNBO,      )
             )  **Wayne Chancery**
    **Plaintiff/Appellant,**   )  **No. 8490**
             )
**VS.**            )
             )  **Appeal No.**
**BRENDA JANE (THOMPSON) TURNBO,)**  **01A01-9307-CH-00314**
             )
    **Defendant/Appellee.**   )

# OPINION

The husband appealed from a judgment granting to the wife an absolute divorce, alimony in futuro, and division of marital property. The husband also complains of the refusal of the Trial Judge to recuse himself because of alleged improprieties.

After briefing and oral argument, this Court determined that the record was inadequate to resolve the recusal issue and remanded for a full airing of the facts supporting the charges of impropriety and whether any improper conduct affected the judgment.

The procedure on remand did not result in a full airing of the issues stated in the remand or a record from which said issues might be justly resolved by this Court.

The supplemental brief of the husband complains of various rulings of the Trial Judge regarding discovery in preparation for the evidentiary hearing on remand. However, during the second argument before this Court, counsel for the husband conceded that the discovery related only to recusal and would have produced no evidence relevant to the correctness of the judgment rendered by the Trial Court. Moreover, counsel for both parties agreed that all evidence relevant to the merits of the appeal is present in the record.

Since this cause was heard by the Trial Judge without a jury, his findings of fact and law are reviewed by this Court de novo upon the record T.R.A.P. Rule 13(d). N.C.N.B. *Union Carbide Corporation v. Huddleston*, Tenn. 1993, 854 S.W.2d 87; *National Bank v. Thrailkill*, Tenn. App. 1993, 856 S.W.2d 150.

Since the record is adequate for review de novo and decision by this Court upon the merits of the case, this Court has determined to forego a resolution of the issues of impropriety and leave them for resolution by tribunals specially charged with that responsibility. This procedure was proposed during oral argument and no objection was voiced by counsel.

Upon a de novo review by this Court, the judgment of this Court upon the merits will cure any prejudice which might have resulted from any errors or improprieties which may have occurred in the Trial Court proceedings.

The husband presents an issue as to the division of marital property. The Trial Court awarded the wife property valued by the husband at $60,150 and cash of $185,000, making a total of $245,150. Husband has filed a statement of marital property in compliance with Rule 15 of the Rules of this Court which is appended to this opinion as Exhibit A. The wife has not filed a counter-statement, but does discuss certain controverted items, particularly the husband's business, Turnbow Express. The husband valued his business at minus $151,803. His accountant stated its book value was $337,000 and that it had an annual income of $402,000. The husband had submitted a financial statement to a bank stating the value of the business as $500,000. The finding of the Trial Court that the business was worth $305,330 was clearly within the scope of the evidence on the subject and is approved by this Court. By this finding, the husband's 1/3 interest in the business was worth $101,777.

According to values stated by husband on his Rule 15 Table, of the assets other than the

business, $68,078 was assigned to the wife, and $61,532 was assigned to the husband. This division is approximately equal, slightly favoring the wife.

The $101,777 interest of the husband in the business (stated above) was not so evenly divided, for the Trial Court awarded the wife $185,000 cash "to equalize the division of the marital estate." This Court finds that a cash payment of $50,000 to the wife would accomplish an approximately equal division of the marital estate. The judgment of the Trial Court will be so modified.

The husband argues that debts should be considered in division of the estate, but most of the debts cited are debts of the business or his lien indebtedness against other assets which reduced their value used as stated on the Rule 15 Table. Moreover, the gross disparity between the income of the husband and wife is justification for placing the debt-paying burden on the husband.

Husband argues that the marital estate was accumulated through his efforts, but it was accumulated during the marriage when the wife was caring for home and children which justifies her interest in the accumulation. T.C.A. § 36-4-121(c).

The husband's third, and last issue complains of the award of $1,500 per month alimony in futuro.

The wife testified:

> Q. Ms. Turnbo, I've handed you a copy of your affidavit of income and expenses. To the best of your knowledge is this a true and accurate reflection of what your income and expenses is at the current time?

A.    Yes, ma'am.

Q.    Do you feel that you are operating on enough income now?

A.    No.

Q.    Does this income and expense affidavit reflect what you have been forced to live with since the separation in 1989?

A.    Yes.

Q.    And is this statement of assets and liabilities correct to the best of your knowledge?

A.    Yes.

Q.    Ms. Turnbo, realizing that you have reflected your current status on this income and expenses, what do you think it would take for you to live on right now if you were able to pick out a figure that would allow you to live comfortably as you did before the separation?  What amount do you think?

A.    Two thousand.

Q.    A month?

A.    Uh-huh.

There was no cross examination regarding or rebuttal of this testimony except her admission of $240 per month wages and $500 per month child support.  She was not asked what she would need to maintain herself and child, hence the child support is not a suitable credit against the stated $2,000 need.  The $240 per month earnings might be a proper credit against the $2,000 need.  If so, the proven monthly need of the wife is $1,760.

The wife's Sworn Statement of Income and Expenses indicates a lesser need than $1,760 per month, but the wife explained that, during the divorce proceedings she was obliged to live on a much lower standard than previously.

The husband insists that his income is inadequate to pay the required alimony, but his stated salary from his business is not his only income, and his extensive spending for luxuries

belies his plea of poverty.

The amount of alimony rests within the sound discretion of the Trial Court which will not be disturbed on appeal in the absence of a clear showing of erroneous exercise of that discretion. *Abney v. Abney*, 61 Tenn. App. 531, 456 S.W.2d 364 (1970); *Crouch v. Crouch*, 53 Tenn. App. 594, 385 S.W.2d 288 (1970).

The judgment of the Trial Court is modified to reduce the cash payment to the wife to $50,000. As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the husband. The cause is remanded to the Trial Court for appropriate further proceedings.

**MODIFIED, AFFIRMED AND REMANDED.**

_____
HENRY F. TODD, PRESIDING JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE