GALE JOAN HOLLEN RITCHIE,           )
                                    )        Houston Chancery
        Plaintiff/Appellant,        )        No. 4-342
                                    )
VS.                                 )
                                    )
DAVID ANTHONY RITCHIE,              )        Appeal No.
                                    )        01A01-9708-CH-00425
        Defendant/Appellee.         )


IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

April 8, 1998

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF HOUSTON COUNTY
AT ERIN, TENNESSEE

HONORABLE ROBERT E. BURCH, JUDGE


Gregory D. Smith, BPR #013420          Timothy K. Barnes, BPR #012375
One Public Square, Suite 321           103 S. Third Street
Clarksville, TN 37040                  Clarksville, TN 37040
ATTORNEYS FOR PLAINTIFF/APPELLANT


Mark A. Rassas, BPR #4334
Julia North
RASSAS & RASSAS
Glenn Bldg., Suite 104
P.O. Box 361
Clarksville, TN 37041
ATTORNEYS FOR DEFENDANT/APPELLEE


AFFIRMED AND REMANDED.


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| GALE JOAN HOLLEN RITCHIE, | ) | |
|---|---|---|
| | ) | **Houston Chancery** |
| Plaintiff/Appellant, | ) | **No. 4-342** |
| | ) | |
| VS. | ) | |
| | ) | |
| DAVID ANTHONY RITCHIE, | ) | **Appeal No.** |
| | ) | **01A01-9708-CH-00425** |
| Defendant/Appellee. | ) | |

# O P I N I O N

This is an appeal from a divorce decree in which the only issue is which parent should have principal custody of Luke, the minor child of the parties who was born July 13, 1993. The divorce decree of the Trial Court granted principal custody to the father, and the mother appealed to this Court. Her sole issue on appeal is:

> The Trial Court erred in denying Plaintiff/Appellant primary custody of the minor child of this marriage.

### Background Facts

The father is a staff sergeant in the United States Army. The mother has a child from a previous relationship. Said child has a learning disability. The parties were married March 1, 1991, separated in October 1995, and were divorced June 12, 1997. From the time of their marriage until March 1997, the father was stationed at Fort Campbell near the residence of the parties.

### Proceedings in Trial Court

On November 3, 1995, the mother filed a complaint for divorce in which the only grounds stated were, verbatim, as follows:

> Perhaps the principal reason plaintiff wants a divorce is the defendant's mental and physical abuse of her thirteen year-old son by a prior marriage who is handicapped by attention deficit disorder and is hyperactive. Living in the same house as his stepfather has caused this child serious psychological damage. In addition to that child, plaintiff has another child by the defendant and a live-in nanny. It would be much easier for the defendant to leave the marital residence than for plaintiff and her three dependents to do so.

-2-

Defendant has threatened to sell the parties' property, both marital and individual, if a divorce is filed. Plaintiff fears that he will do so unless restrained by an order of this court.

The complaint prayed for:

1. Child support
2. Allocation of debts
3. Injunction against disposal of property
4. Possession of marital home
5. Absolute divorce
6. Child custody
7. Division of marital estate

On November 28, 1995, the Trial Court entered an agreed order granting the father visitation with the minor child.

On November 14, 1996, the father filed an answer denying allegations of the complaint and a counterclaim alleging inappropriate marital conduct and irreconcilable differences and praying for an absolute divorce, division of marital estate and child custody and support.

On November 27, 1996, the Trial Court entered a "Final Decree of divorce from Bed and Board," dismissing the mother's complaint, granting the father a divorce "*a mensa et thoro*" (from bed and board), custody of the child, with visitation by the mother, and child support.

On January 16, 1997, the Trial Court entered the following agreed order:

COME NOW the parties, and by agreement, as evidenced by the signatures of their respective counsel, announce to this Honorable Court that, there being no hope of reconciliation, and the Defendant's permanent change of station having been established as Fort Benning, Georgia, the Bed and Board Divorce should be converted to an Absolute Divorce.

IT IS THEREFORE ORDERED that the divorce *a mensa et thoro* entered by this Court on the 4th day of March,

1996, be converted to an Absolute Divorce, thereby restoring both parties to all rights and privileges of unmarried persons.

On January 24, 1997, the Trial Court entered an order permitting the father to move with the child to Ft. Benning, Ga., and providing visitation with the mother.

As stated above, the sole issue on appeal is custody.

The considerations for choosing which parent should receive custody are listed in TCA § 36-6-106. However, an additional factor weighs heavily in the present case. The evidence shows without contradiction that, at both Ft. Campbell and Ft. Benning, the Army provides superlative health and child care facilities. Whatever the shortcomings of either of the parents, the Army facilities provide the decisive factor in the present case.

The child's best interest is the paramount consideration. *Bah v. Bah*, Tenn. App. 1983, 668 S.W.2d 663.

Trial Courts are vested with wide discretion in the determination of child custody. Such decisions are entitled to great weight on appeal and will not be reversed absent a clear showing of an improper and erroneous exercise of that discretion. *Harwell v. Harwell*, Tenn. App. 1980, 612 S.W.2d 182; *Abney v. Abney*, 61 Tenn. App. 531, 456 S.W.2d 364 (1970); *Marmino v. Marmino*, 34 Tenn. App. 352, 238 S.W.2d 105 (1951.

No grounds are found for reversal of the judgment of the Trial Court which is

affirmed. Costs of this appeal are taxed against the appellant and her surety. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WALTER W. BUSSART, JUDGE