NelsoN, J.,
delivered the opinion of the Court.
"We are at a loss to discover upon what ground the Circuit Judge arrived at the conclusion that the proof in this case does not entitle complainant to a divorce. He alleges in his bill, among other charges not proven, that he married the defendant in April, 1866; that they lived together about two months, when she attempted to poison him with arsenic; that she left him while he was sick and has willfully and maliciously deserted and abandoned him, without any just cause, for more than two whole years before the filing of the bill. Rebecca Lanier, the sister of complainant, proves that the parties were married in Hardeman county, in 1866; that she lived in the same house with them; that in July or August of that year the complainant was “ sick with chills;” that witness, on her way to the spring, met defendant who said she had been over to her cousin Tom’s and had got some medicine for her husband, but did not know whether he would take it; that she went into the room where her husband was, and witness hearing a noise in the room, went in and found him sweating profusely and in a senseless condition ; and that witness sent for Dr. Moore, a physician. The Doctor testifies that when he arrived he found complainant lying upon the floor, with his clothes torn off and almost in a dying condition; but neither witness testifies as to the nature of the disease, or any *464 discovery of poison. The sister, however, deposes further, that a short time before this occurrence, she heard defendant say she wished complainant was dead; that about two weeks thereafter and before he had left his bed or recovered from his sickness, the defendant left her husband and went to her mother’s, where she remained about two weeks; that she returned, got her clothing and again left her husband, declaring that she never intended to return to him, and has been separated from him ever since, and removed with her mother to Arkansas about eighteen months before witness was examined. It is in proof that complainant treated his wife with kindness and sustains a good moral character, although he said he never intended to try to get her to come back and live with him.
Doubting, as we do, the policy of our statutes in allowing so many causes of divorce not prescribed by the great Author of Marriage, we are, nevertheless, constrained to give effect to those laws so long as they remain upon the statute book, especially as the power to enact them is expressly conferred on the Legislature by the Constitution.
The Code, in s. 2448, prescribes, as one of the causes of divorce, “the willful or malicious desertion or absence of either party without a reasonable cause for two whole years.” It is not required that the husband shall prove endeavors to induce the wife to live with him, except in cases where she refuses to move with him to this State, as provided in s. 2463. Here, the marriage was celebrated in this State. The *465 wife left the husband without any just or reasonable cause, and, under such circumstances of suspicion, that, if the cause for divorce created by the statute is a good one, he was well justified in saying that he did not intend to try to get her to live with him. Whether she attempted or not to poison her husband, it was heartless and unwomanly to leave him when he was prostrate on a sick bed. It appears that the bill was filed in the proper county; that publication was duly made, and a judgment pro confesso properly taken.
Let the judgment of the Circuit Court be reversed, and a divorce granted at complainant’s cost.