RIGGS *v.* RIGGS.

(*Knoxville*, September Term, 1944.)

Opinion filed December 2, 1944.

E. R. Bunch, Sr., of Sunbright, for Walter C. Riggs.

J. W. Stone, of Harriman, for Maude Riggs.

Mr. Chief Justice Green delivered the opinion of the Court.

The original bill herein was filed by complainant Walter C. Riggs against his wife, Maude Riggs, seeking an absolute divorce on a charge of cruel and inhuman conduct, details of which are set out.

She answered denying all allegations of the bill and filed a cross bill charging defendant with neglect and acts of infidelity, naming other women, and asked for a divorce from bed and board. The cross bill was answered, proof taken, and upon the hearing the chancellor dismissed the original bill and granted the wife a divorce from bed and board with alimony. About a year after this decree, the original complainant, Riggs, filed a petition in the case and sought to have the limited divorce granted to his wife made absolute and the bonds of matrimony entirely dissolved. She resisted the petition and it was dismissed by the chancellor. From the decree dismissing his last petition Riggs has appealed to this Court.

The petitioner endeavors to sustain his right to an absolute divorce upon authority of *Lingner* v. *Lingner*, 165 Tenn. 525, 56 S. W. (2d) 749. In that case the wife was the original complainant. The husband filed an answer and a cross bill seeking a divorce. The chancellor dismissed the cross bill but granted the wife a divorce from bed and board. The husband thereupon appealed from the chancellor's decree, opening up the whole case. Seeing no possibility of a reconciliation between the parties, this Court modified the chancellor's decree, and upon

the wife's cross bill made the divorce granted to her absolute instead of from bed and board.

In the case now before us Riggs prosecuted no appeal from the chancellor's decree dismissing his bill and granting the limited divorce to his wife upon her cross bill. It is true that the cause was retained in the court below by express provision of the decree as well as by the statute, Code, section 8446. Jurisdiction was retained, however, not for the purpose of reopening the main controversy but for the purpose of determining questions with respect to the payment of alimony that might in the future arise.

In *Fuller* v. *Fuller*, 157 Tenn. 697, 700, 11 S. W. (2d) 896, 897, it was said:

"Moreover, divorce proceedings which involve matters of continuing, or installment, alimony and the custody of children, are distinguished from most other proceedings, in that the decree is of a twofold, or double-barreled nature disposing first of the main contention, the granting or denial of the divorce, as to which it becomes final upon its entry, and to which the general rule invoked by counsel for the defendant in this case has undoubted application; but providing next for the disposition of the questions of alimony and child custody, as to which matters it is not only within the power, but it is the duty of the chancellor to retain the cause subject to future decrees."

■■ It is doubtless true that a divorce from bed and board is not regarded as a final decree and upon petition of the wife herein and a proper showing the limited divorce granted to her might be made absolute. But as to the husband, his bill was dismissed. It was decreed that he was not entitled to a divorce. He prayed no appeal from this decree, it became final in that respect,

and he had no standing in this cause in the court below to come in and ask for anything other than a suspension or modification of the decree for alimony if he presented facts justifying such relief.   Affirmed.