James Harold Abney, Petitioner,

*v.*

Dorothy Annette Abney, Respondent.

433 S.W.2d 847

(*Nashville,* December Term, 1967.)

Opinion filed October 28, 1968.

JAMES W. RUTHERFORD, Nashville, of counsel, STOCKELL, RUTHERFORD & CROCKETT, Nashville, for petitioner.

WILLIAM P. ORTALE, Nashville, of counsel, SMITH, ORTALE & SMITH, Nashville, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause comes to this Court from the action of the trial court in sustaining a demurrer dismissing the action.

In this opinion for convenience and clarity, we will refer to petitioner James Harold Abney as "husband", and respondent Dorothy Annette Abney as "wife."

On May 25, 1964, the wife, upon her bill filed against her husband in the Probate Court for Davidson County, obtained a decree awarding her separate maintenance. On October 23, 1967, the husband filed the petition here at issue in the Probate Court for Davidson County alleging the parties had lived under the decree for separate maintenance for more than two years and that they have not and cannot become reconciled. The relief prayed for under T.C.A. 36-802, as amended by Chapter 283, Public Acts of 1963, was that either the husband or the wife be granted an absolute divorce.

To this petition the wife filed a demurrer on the following grounds: (1) She does not in any way join in this petition for divorce; (2) the husband has stated no grounds for being granted an absolute divorce and under T.C.A. 36-802, is given no right to an absolute divorce without first showing grounds by clear and convincing evidence.

Chapter 283, Public Acts of 1963, is an amendment to T.C.A. 36-802, which Code section prior to the amendment read as follows:

The following shall be causes of divorce from bed and board; or from the bonds of matrimony, in the discretion of the court:

(1) That the husband or wife is guilty of such cruel and inhuman treatment or conduct towards the spouse as renders cohabitation unsafe and improper, and, in the case of the wife, to be under the dominion and control of the husband.

(2) That the husband has offered such indignities to the wife's person as to render her condition intolerable, and thereby forced her to withdraw.

(3) That he has abandoned her, or turned her out of doors, and refused or neglected to provide for her.

Chapter 283 amended this Code section by placing at the end thereof the following language:

Provided, however, that the circuit, chancery or such other court specially empowered to grant divorces shall also have the power to grant absolute divorces to either party where there has been a final decree for divorce from bed and board, or of separate maintenance for more than two (2) years, upon a petition being filed by either party that sets forth original decree for divorce from bed and board, or separate maintenance, and that the parties have not become reconciled. The court granting the absolute divorce shall make a final and complete adjudication of the support and property rights of the parties. However nothing in this paragraph shall preclude the divorce forum from granting an absolute divorce before the two (2) years has expired.

■■■■ This amendment to T.C.A. 36-802 incorporates itself into this Code section and the Code section is then construed as if the amendment had always been a part thereof. It is then our purpose and duty to ascertain and give effect to the legislative intent expressed in this 1963 amendment, not standing alone, but as a part of this Code section. Further, this Code section as amended is construed in pari materia with other Code sections relating to divorce. See cases cited in 17 Tenn. Digest, Statutes, Sections 181, 223.2(1), 225, 230. We also need

to keep in mind that Article 11, Section 4, of the Constitution of Tennessee expressly confers upon the legislature the power to specify by law the causes or grounds for divorce. Whether the courts agree or disagree with the wisdom of their choice is immaterial as it is our duty to give effect to them so long as they remain on the statute books. *Lanier v. Lanier,* 52 Tenn. 462 (1871).

We think the paramount intent of the legislature in enacting this 1963 amendment to this Code section can be found in statements made by Chief Justice Green in *Lingner v. Lingner,* 165 Tenn. 525, 56 S.W.2d 749 (1933). Chief Justice Green, after noting that a person living under a decree of limited divorce is in effect living in a world of enforced celibacy, neither married nor unmarried, said:

Society is not interested in perpetuating a status out of which no good can come and from which harm may result. 165 Tenn. at 534, 56 S.W.2d at 752.

The intent of this amendment is to empower the courts to grant relief to persons finding themselves in such a situation.

There are no ambiguities in this 1963 amendment. It simply empowers courts having divorce jurisdiction, upon a showing the criteria set out therein has been fulfilled authority to grant an absolute divorce. This is, in effect, another cause or ground for divorce.

A decree of divorce from bed and board or separate maintenance is not regarded as a final decree in the sense said decree upon petition of the party to whom it was awarded and proper showing may be changed, amended or modified as justice and equity may

require. *Cureton v. Cureton,* 117 Tenn. 103, 96 S.W. 608 (1906); *Riggs v. Riggs,* 181 Tenn. 633, 184 S.W.2d 9 (1944). Under these decisions in regard to decrees for limited divorce and the language of this 1963 amendment a petition for an absolute divorce filed relying upon said amendment is required to be filed in the court granting the limited decree.

 Upon the court granting an absolute divorce under this 1963 amendment, the court is then empowered by the same amendment to adjust the support and property rights of the parties. Since under other Code sections in regard to adjustment of property rights and support in divorce actions, such rights are affected by the fact of which party obtains the divorce, then construing this 1963 amendment in pari materia with these Code sections requires an absolute divorce under this 1963 amendment be awarded to the same party previously obtaining the limited divorce.

 Under the first ground of the demurrer the wife, in effect, says she does not seek an absolute divorce. In a divorce action the desires of the parties, particularly the party without fault, are given consideration but such does not control the action of the court. *Lingner v. Lingner,* supra. The first ground of the demurrer is without merit.

 The husband sought relief either by the court granting to him or to his wife an absolute divorce. This petition was filed as a result of two years expiring since the decree awarding the wife separate maintenance. Under this petition the court has no authority to award the husband a divorce. The decree awarding the wife separate maintenance can be changed to award the wife

an absolute divorce. The demurrer insofar as it applies to the husband seeking a divorce is sustained. Otherwise, the judgment of the court is reversed and the cause remanded for further proceedings.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.