**Warner Jackson HUTTON, Appellant,**

v.

**Margaret Ann HUTTON, Appellee.**

Court of Appeals of Tennessee,
Middle Section.

Feb. 23, 1979.

Certiorari Denied by Supreme Court
June 11, 1979.

Edward F. Bell, Nashville, for appellant.

Nancy K. Corley, Nashville, for appellee.

TODD, Judge.

## OPINION

*With the concurrence of participating judges, the original opinion has been abridged for publication.*

The plaintiff-cross defendant, Warner Jackson Hutton, has appealed from a final decree dismissing the complaint of appellant, awarding to counter-plaintiff, Margaret Ann Hutton, a "decree of separate support and maintenance from counter defendant", ordering appellant to pay $200.00 per month child support and to provide medical and dental services to the child, ordering appellant to pay $400.00 per month alimony until the death or remarriage of appellee, awarding to appellee all of the household goods of the parties and a 1973 Plymouth Duster automobile, and requiring appellant to maintain medical and hospital insurance for appellee and to pay $1,000.00 fee to the solicitor for appellee.

■ There are eight assignments of error, four of which are addressed to purely technical matters not determinative of the controversy between the parties. Said assignments are therefore pretermitted.

The seventh assignment of error complains that the Trial Judge erred in finding appellant guilty of habitual drunkenness contracted after the marriage.

■ The record contains ample testimony of the habitual drunken behavior of the appellant. Even though appellant denied such conduct, the Trial Judge, after weighing the credibility of the witnesses, saw fit to believe the accusers rather than the accused. Where the witnesses are heard by the Trial Judge in person the appellate courts do not ordinarily undertake to reweigh the testimony. It has been repeatedly held that the decision of the trial judge as to credibility of the witnesses is "accorded great weight", or is "well nigh conclusive", or is "conclusive" on appeal. No justification is found for revising the decision of the Trial Judge as to credibility of witnesses.

Moreover, the decision of the Trial Judge is presumed correct unless the evidence preponderates otherwise. T.C.A. § 27–303. The evidence does not preponderate otherwise.

The seventh assignment of error is respectfully overruled.

■ The eighth assignment of error complains that the Trial Judge entered a decree for separate support and maintenance when his findings of fact and conclusions of law (entered after the decree) state that the appellee had proven a case for absolute divorce.

The ground upon which relief was granted is stated in the final decree as follows:

"... from all of which ... the Court ... finds that the counter defendant has been guilty of habitual drunkenness and that he has contracted such habit after marriage. ..."

The ground of relief just stated is included in T.C.A. § 36–801 which sets out "causes of divorce from the bonds of matrimony." This particular statute does not refer to lesser relief such as divorce from bed and board or separate support and maintenance. T.C.A. § 36–802, which authorizes absolute or limited divorces in the discretion of the Court, does not contain the ground of habit-

ual drunkenness. However, section 36–817 appears to vest in the Trial Judge a broad discretion as to the type and extent of relief granted. Said section is as follows:

"36–817. Decree of court.—If, upon hearing the cause, the court is satisfied that the complainant is entitled to relief, it may be granted either by pronouncing the marriage void from the beginning, or by dissolving it forever and freeing each party from the obligations thereof, or by a separation for a limited time. [Code 1858, § 2465, (deriv. Acts 1835–1836, ch. 26, §§ 7, 19); Shan., § 4218; Code 1932, § 8443.]"

This Court therefore holds that the Trial Judge was acting within his statutory discretion when he elected to decree a separation even though the ground stated and proved is found only in T.C.A. § 36–801, the "absolute divorce statute".

■ Moreover, the counter-complaint of appellee charges, in addition to habitual drunkenness, the ground of cruel and inhuman treatment. The latter charge is fully supported by the evidence, and this Court therefore makes the additional finding that the counter-defendant (appellant) has been and is guilty of such cruel and inhuman treatment or conduct toward appellee as renders cohabitation unsafe and improper. This last mentioned ground is designated by T.C.A. § 36–802 as ground for divorce from bed and board (separate maintenance) or from the bonds of matrimony *in the discretion of the Court.*

■ Thus, on the double ground of the provisions of § 36–817 in respect to the ground of habitual drunkenness as found by the Trial Judge, and the provisions of § 36–802 in respect to cruel and inhuman treatment as found by this Court, the decree of separate maintenance will be affirmed.

The eighth assignment of error is respectfully overruled.

The fourth and fifth assignments of error complain of the award of alimony in solido (household goods and automobile) and alimony in futuro until death or remarriage.

■ A decree of divorce from bed and board or separate maintenance is not regarded as a final decree and it may be changed, amended or modified as justice and equity may require. *Abney v. Abney,* 222 Tenn. 160, 433 S.W.2d 847 (1968).

Indeed, the decree in this case shows that it is not necessarily intended to establish a permanent status of the parties, for it states:

"counter plaintiff . . . is awarded a decree of separate support and maintenance . . . but . . . she may at a later time apply to this Court for a decree of absolute divorce."

■ There is statutory authority for the decree of support and alimony out of the property of the husband whether the decree be for absolute divorce or temporary separation. T.C.A. §§ 36–820, 36–821. However, this Court deems that, where possible and practical, it is better practice to defer permanent disposition of property and alimony until a permanent disposition is made of the marital status of the parties.

■ For this reason, the decree of the Trial Court will be modified by changing the absolute award of household goods and furnishings as alimony in solido to an award of possession and use of said property until further orders of court and by changing the award of $400.00 per month alimony until death or remarriage to an award of the same amount until further orders of the court.

■ The appellant does not assign as error the amount of periodic alimony or support, but argues that same is excessive. The record amply supports the finding of the Trial Judge that $400.00 per month is a reasonable periodic alimony and that $200.00 per month is reasonable child support at this time. Both such amounts are subject to change by the Trial Judge for good cause.

As modified, the decree of the Trial Court is affirmed. The cause is remanded to the Trial Court for further proceedings. Costs

of this appeal are taxed against the appellant.

Modified, affirmed and remanded.

SHRIVER, P. J., and LEWIS, J., concur.