FILED

July 29, 1998

Cecil W. Crowson
Appellate Court Clerk

THOMAS HORACE JOINER,          )
                               )      Stewart Chancery
    Plaintiff/Appellee,        )      No. 94-7-025
                               )
VS.                            )
                               )      Appeal No.
DORA BELL TAYLOR JOINER,       )      01A01-9710-CH-00593
                               )
    Defendant/Appellant,       )


IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE STEWART COUNTY CHANCERY COURT
AT DOVER, TENNESSEE


HONORABLE ROBERT E. BURCH, JUDGE



Jack Rudolph
107 North Third Street
P.O. Box 925
Clarksville, Tennessee 37041-0925
ATTORNEY FOR PLAINTIFF/APPELLEE

David D. Wolfe
505 West College Street
Dickson, Tennessee 37055
ATTORNEY FOR DEFENDANT/APPELLANT



VACATED IN PART, AFFIRMED IN PART,

AND REMANDED



HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| | | |
|---|---|---|
| **THOMAS HORACE JOINER,** | ) | |
| | ) | **Stewart Chancery** |
| **Plaintiff/Appellee,** | ) | **No. 94-7-025** |
| | ) | |
| **VS.** | ) | |
| | ) | **Appeal No.** |
| **DORA BELL TAYLOR JOINER,** | ) | **01A01-9710-CH-00593** |
| | ) | |
| **Defendant/Appellant,** | ) | |

# O P I N I O N

The defendant, Dora Bell Taylor Joiner, has appealed from the judgment of the Trial Court denying her relief from a divorce decree under the provisions of TRCP Rule 60.02.

On November 16, 1994, the husband, Thomas Horace Joiner, filed suit for absolute divorce.

On November 1, 1995, the wife, Dora Bell Taylor Joiner, filed an answer and counter-claim.

On July 18, 1996, the parties filed with the Trial Court a marital dissolution agreement.

On September 27, 1996, the Trial Court entered a decree of divorce from bed and board which provided:

> The Court further finds and grants a Bed and Board
> Divorce between the parties to be converted to an Absolute
> Divorce effective November 1, 1996.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND
> DECREED BY THE COURT THAT:

1. A Bed and Board Divorce is hereby granted between Thomas Horace Joiner, Plaintiff and Dora Bell Taylor Joiner, Defendant on the ground of irreconcilable differences. Effective November 1, 1996, this Bed and Board Divorce shall be converted to an Absolute Divorce and on November 1, 1996 the parties shall be granted an Absolute Divorce from each other with Thomas Horace Joiner and Dora Bell Taylor Joiner being restored to all of the rights, privileges and immunities of an unmarried person, the Court declaring them to be divorced on the ground of irreconcilable differences.

On November 8, 1996, the wife filed her motion for relief, and, on March 17, 1997, she filed an amendment to the motion. After hearing evidence, on September 22, 1997, the Trial Court entered an order denying relief.

On appeal, the wife presents a single issue as follows:

I. Did the Trial Court err by overruling the defendant's motion to set aside the final decree of divorce filed pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure?

The decree of divorce from bed and board entered on September 27, 1996, was a final, appealable judgment as to the divorce from bed and board. However, the peculiar wording (<u>shall be</u>) prevented it from being a final, appealable judgment of absolute divorce which had not, at that time, been granted. Until the Trial Court enters an order granting an absolute divorce which is effective upon entry, the matter of the granting of an absolute divorce will not be the subject of a final, appealable judgment and the Trial Court will be free to revise its tentative, prospective, prospective decision to grant an absolute divorce on a future date. TRCP Rule 54.02.

The authority of divorce courts to convert a divorce from bed and board into an absolute divorce has long been recognized. *Hackney v. Hackney*, 28 Tenn., 9 Humph 450. In *Linger v. Linger*, 165 Tenn. 525, 565 S.S.2d 749 (1933), the Supreme Court recognized the unfairness of "enforced celibacy" and ordered a divorce from bed and board converted into an absolute divorce where there was no hope of reconciliation.

T.C.A. § 36-4-102 reads in part as follows:

(b)    The circuit, chancery or such other court specially empowered to grant divorces also has the power to grant absolute divorces to either party where there has been a final decree of divorce from bed and board, or of separate maintenance for more than two (2) years, upon a petition being filed by either party that sets forth the original decree for divorce from bed and board, or separate maintenance, and that the parties have not become reconciled. The court granting the absolute divorce shall make a final and complete adjudication of the support and property rights of the parties. However, nothing in this subsection shall preclude the divorce forum from granting an absolute divorce before the two (2) years has expired. (Emphasis supplied)

In *Abney v. Abney*, 61 Tenn. App. 531, 456 S.W.2d 364, (1970), this Court held that it is not mandatory that the absolute divorce be granted on the sole ground of two years separation without reconciliation, without pleading and proof of other grounds. The same authority held that the policy of the law is to encourage reconciliation rather than to reward a refusal to be reconciled. *Riggs v. Riggs*, 181 Tenn. 633, 184 S.W.2d 9 (1945). See also *Matthews v. Matthews*, 24 Tenn. App. 580, 148 S.W.2d 3, (1941).

Both the statute and the authorities appear to require a further petition of a party and further consideration by the divorce court as a prerequisite to the conversion of a divorce from bed and board into an absolute divorce.

Since the record contains no such supplemental petition, the September 27, 1996, anticipatory grant of an absolute divorce effective November 1, 1996, was ineffective. The "shall be" verbiage of the September 27 order was confirmation of this procedural omission. The anticipatory grant of an absolute divorce cannot be considered a final judgment from which relief can be granted under Rule 60.02 which provides that it is applicable only to final judgments.

-4-

In view of the foregoing, the arguments of the parties as to the correctness of the denial of Rule 60.02 become moot. That part of the judgment of the Trial Court which denied relief under Rule 60.02 is affirmed.

That part of the judgment of the Trial which granted an absolute divorce is vacated without prejudice to further hearing, consideration and action by the Trial Court upon the subject of an absolute divorce. The cause is remanded for further proceedings. Costs of this appeal are taxed against the appellant.

**VACATED IN PART, AFFIRMED IN PART,**

**AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE