IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2002  Session

## CHRISTINE P. BILYEU v. BOBBY K. BILYEU

**Direct Appeal from the Probate and Family Court for Cumberland County**
**No. 1340     Hon. Steven C. Douglas, Judge**

**FILED JULY 11, 2002**

**No. E2001-01556-COA-R3-CV**

The Trial Court ordered the parties divorced and classified and divided marital property.  Both parties appeal.  We affirm, as modified.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Probate and Family Court Affirmed, as Modified.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Robert L. Marlow, Shelbyville, Tennessee, for Appellant Bobby K. Bilyeu.

Thomas E. Looney, Crossville, Tennessee, for Appellee Christine P. Bilyeu.

### OPINION

In this divorce action, the Court declared the parties divorced pursuant to Tenn. Code Ann. §36-4-101(15), and classified and allocated the parties' marital property.  Both parties have appealed the Trial Court's Judgment.

Following the evidentiary hearing, the Trial Court made detailed findings of fact in its Final Judgment, which we quote, in part:

The parties were married on October 13, 1952.  They have been married 48 years.  The final separation of the parties occurred on or about September 8, 1984.  The parties have been separated 16 years.

The Complaint for Divorce was filed on May 9, 1985 and has been pending 15 years. The Order for a Bed and Board Divorce was entered on November 6, 1987. The parties have been legally separated for 13 years.

Mrs. Bilyeu is 67 years old. She and Mr. Bilyeu raised six children. She worked on the family farm as well as in the fast food business.

Mr. Bilyeu is 68 years old. He worked full time as an "over-the-road" truck driver in addition to working on the family farm. He retired from the trucking business in May, 1998.

At the time of their marriage, Mr. and Mrs. Bilyeu moved onto the Genesis Road farm owned by Mr. Bilyeu's family. Mr. Bilyeu moved onto the Genesis Road property in 1941 at the age of nine. His parents acquired the approximately 78-acre tract . . . . Mr. Bilyeu's father died intestate in 1945. Mr. Bilyeu was the only surviving child. He obtained a Quit Claim Deed from his mother, Delpha Bilyeu, which Deed is dated January 20, 1968. . . . By separate Order, the parties agreed that the value of the farm at the date of the marriage was $30,000.00 dollars. The property was appraised as of January 3, 2001 at $343,000.00 dollars.

In a series of purchases the parties acquired a tract containing approximately 185 acres located on the Potato Farm Road. . .

The State of Tennessee condemned approximately 2 acres of the Genesis Road farm for the sum of $225,000.00 dollars. This sum was paid into the Clerk of the Court by an Agreed Order of the parties. The value of the proceeds held by the Clerk of the Court on February 26, 2001 was $211,941.65. The Court had previously ordered the disbursement of $30,000.00 dollars by an Agreed Order. . . .

. . .

Mr. Bilyeu drove a truck for many years. . . . He actually retired in May of 1998 and is receiving a benefit of $3,500.00 dollars per month reduced by a premium charged for a 50 percent surviving spouse annuity for a net monthly benefit of $2,975.00 dollars. If Mr. Bilyeu dies before his wife, she will receive a monthly benefit of $1,487.50 per month for life.

The Court found that there was no equitable way to divide the property in kind, and ordered the property sold at auction and divide the net proceeds equally. The Court found that the Genesis Road property was originally the husband's separate property, but that it "was converted to marital property during the course of the 32 years that the parties were together and raising their children and working the farm", or that the entire increase in value over the original $30,000.00

value was marital. The Court ordered the condemnation proceeds being held by the clerk to be divided equally between the parties, with some adjustments. The Court also ordered the husband to pay the wife $278.68 per month beginning March 1, 2001, which reflected one-half of the retirement benefits to which the husband was entitled, at the date of entry of the bed and board divorce. The Court found that neither party was entitled to alimony.

On appeal, the husband argues that the Trial Court erred in its classification of the increase in value of the Genesis Road Farm as marital property. Essentially, the Trial Court found that the Genesis Road Farm had become marital property in its entirety, and that it was no longer the husband's separate property. The Trial Court's classification of property as marital or separate is a question of fact, which is presumed correct unless the evidence preponderates otherwise, and his finding is entitled to great weight on appeal. *Sherrill v. Sherrill*, 831 S.W.2d 293 (Tenn. Ct. App. 1992).

Separate property can become marital property by virtue of transmutation, which occurs when the separate property is treated as marital property, thus establishing a rebuttable presumption that the separate property owner intended to make a gift to the marital estate. *Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn. Ct. App. 1991); *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988). The property's classification is not determined by the record title, however, but rather is dependant upon the conduct of the parties. *Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989).

In this case, the husband never put the property in their joint names, but there is no dispute that the husband lived there with wife and their children for over thirty years, and that he never told the wife that the property was to remain his separate property, nor did he evidence any intent to keep the property separate. In fact, both parties treated the property as marital, and both parties lived there, worked to renovate and complete the home, raised the family there, worked on the farm and raised crops and cattle, etc. The farm was cultivated and maintained by both parties, and the accomplishments on the farm were due more to the efforts of the wife because the husband was seldom home. While the husband admitted that the wife took care of the farm while he was at work, the parties' children made clear that the wife took care of everything in the husband's absences, and the absences were routine and not always due to work.

The parties' intent regarding the farm is shown by the financial documents of the parties. Wife was co-signer on various loans involving this property, whether they were for home improvements, or to purchase equipment to use on the farm. Husband's actions throughout the marriage, as well as the wife's, evidence their intent that the property was to be marital, and we affirm the Trial Court's finding that the farm was marital property.

Husband concedes that if the Genesis Road farm is marital, then his other issues regarding the condemnations proceeds, the insurance proceeds on the house, and the property tax credits are moot. Likewise, the husband's issue regarding classification of the house after he "repurchased" it from the state is also moot, because it is undisputed that the husband acquired the

house back by allowing the state to use part of this marital property for storage of equipment and materials. Thus, the house was "repurchased" with marital property and it becomes marital property as well. We affirm the Trial Court on this issue.

The husband also takes issue with the Court's Order that the Genesis Road property be sold and the proceeds equally divided, because he alleges this will cause him to bear a much greater tax burden than the wife. Tax consequences are one of the factors which the Trial Court must consider in property division, pursuant to Tenn. Code Ann. §36-4-121. When asked to reconsider the issue, however the Trial Court found that no proof had been presented regarding the tax consequences of the sale, and that he could not make any adjustment.

The record reveals there was no proof presented at trial on the tax issue, except the husband's lawyer asked the wife whether she knew the husband would have to pay all of the taxes if the Genesis Road property was sold, and she replied that she believed she would have to share that tax liability. There is simply no proof in the record which would required the Court to give the husband more of the proceeds because of any tax consequences.

Next, the husband argues that the Trial Court erred in awarding the wife half of $10,000.00 in insurance proceeds paid to compensate for hay which was destroyed along with the barn on their property. The barn was clearly marital property, and the husband takes no issue with the Court's distribution to the wife of half of the $40,000.00 in insurance proceeds paid for its destruction, but he argues that the wife should not receive half of the insurance proceeds for the hay in the barn, because the wife said at trial that she had no interest in the hay, and that she was gone and had no part in growing or harvesting the same. The husband's testimony at trial, however, was that the hay in the barn that was destroyed was purchased from third parties, and was not hay that he had grown. This issue is without merit.

The husband essentially argues that the parties were "divorced" at the time of the bed and board decree. However, they were still legally married until the Final Divorce Decree was entered. A divorce from a bed and board does not extinguish the marital relationship, it merely allows the cessation of cohabitation. (The statute has been amended and now substitutes the term "legal separation" for "bed and board divorce".) *See* Tenn. Code Ann. §36-4-102; *Chenault v. Chenault*, 37 Tenn. 248 (1856).

A divorce from bed and board, "is generally considered a temporary arrangement to provide for the needs of the parties and to encourage reconciliation," and does not finally divide the marital property unless a party specifically requests for a division to be made. *Joiner v. Joiner*, 2001 WL 329529 (Tenn. Ct. App. March 28, 2001); *see also* Tenn. Code Ann. §36-4-102; *Hutton v. Hutton*, 584 S.W.2d 670 (Tenn. Ct. App. 1979); *Sanders v. Sanders*, 1987 WL 30168 (Tenn. Ct. App. Dec. 30, 1987). Neither party asked the Court to divide any marital property at the time of the bed and board divorce, and any property acquired during the separation is still property acquired during the marriage, and would be marital property to be valued as near to the date of the absolute divorce as possible, and then would be divided equitably by the court. *See* Tenn. Code Ann. §36-4-

121(b)(2)(F); *Carver v. Carver*, 1991 WL 139716 (Tenn. Ct. App. July 31, 1991)(after six year separation, court divided property as it existed at the time of the final divorce, and gave wife a credit for assets which husband had sold or kept solely for himself during separation).

The wife argues that the trial court erred in failing to award her one-half of the husband's current monthly pension amount, rather than one-half of the amount the husband would have earned at the time of the bed and board divorce. The statute dealing with distribution of marital property expressly provides that marital property includes pension rights accrued during the period of the marriage, and there is no question that the husband's entire pension accrued while these parties were married. *See* Tenn. Code Ann. §36-4-121(b)(1)(B). The husband testified that he began driving a truck in 1952, at about the same time the parties were married, and he further testified that he retired in 1998, which was before the parties were divorced. We conclude the Trial Court erred in not treating the entire pension as marital property. *See* Tenn. Code Ann. §36-4-121(b)(1)(B); *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996); *Kendrick v. Kendrick*, 902 S.W.2d 918 (Tenn. Ct. App. 1994). Accordingly, we modify the Trial Court's Judgment, and remand for the purposes of entering an Order awarding the wife one-half of the pension.

The wife argues that the Trial Court erred by failing to give the wife more value for the livestock which the parties owned when she left, since the wife testified that she counted the livestock everyday and knew how many animals were there, and also testified as to what she thought their value would be. The Trial Court awarded the wife one-half of the proceeds the husband received from the sale of the livestock.

The valuation of a marital asset is a question of fact, and each party bears the burden of putting on competent proof regarding value. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). If the proof is in conflict, the trial court may assign a value that is within the range of values proven. The Trial Court's findings on value will be presumed correct on appeal, unless the evidence preponderates otherwise. *Id.* The value found by the Trial Court is within the range of evidence submitted, and the evidence does not preponderate against the Trial Court's decision.

Next, the wife argues that the Trial Court erred in failing to award her interest on the funds the husband had the use of during the marriage, while this matter was pending.

Interest is normally allowed on money owed from the time a judgment has been entered until the money is paid. *See* Tenn. Code Ann. §47-14-121, 122; *Inman v. Inman*, 840 S.W.2d 927 (Tenn. Ct. App. 1992). What the wife is asking for, however, is interest on money which the husband used but which the Court had not yet awarded to the wife, which makes her claim in the nature of prejudgment interest. On the issue of prejudgment interest, the Supreme Court has explained:

> Pursuant to Tenn. Code Ann. § 47-14-123, prejudgment interest may be awarded in accordance with the principles of equity.

. . .

> The trial court's decision to award or deny prejudgment interest may be overturned only upon a finding of a "manifest and palpable abuse of discretion."  Under this deferential standard, an appellate court may not substitute its judgment for that of the trial court.  Rather, an abuse of discretion occurs only when the evidence does not support the trial court's decision.

*Alexander v. Inman*, 974 S.W.2d 689, 697-698 (Tenn. 1998).

In this case, the Trial Court did not abuse his discretion in failing to award to wife prejudgment interest on the marital funds which the husband used during the separation.

Finally, the wife takes issue with the Trial Court's overall property distribution of one-half of the marital estate to each party.  She argues that she should have been awarded a greater share based upon the husband's behavior which contributed to the break-up of the marriage, his failure to take care of the marital property, his actions in delaying the case from coming to trial, and his violation of court orders, etc.

The statute dealing with division of property lists certain factors which the trial court must consider to determine an equitable distribution.  Tenn. Code Ann. §36-4-121(c).  Applying the factors set forth in the statute to the evidence, we conclude the Trial Court made an equitable distribution of the marital estate.  Moreover, the wife's argument is premised more on fault than on the statutory factors, but marital fault is not a factor to be considered in the division of property.  Tenn. Code Ann. §36-4-121(a)(1).  We are required to give "great weight" to the Trial Court's division of marital property, and defer to it unless it is inconsistent with the statutory factors or is not supported by the evidence.  *Kinard.*

We affirm the Judgment of the Trial Court, as modified, and remand with the cost of the appeal assessed to Bobby K. Bilyeu.

_____

HERSCHEL PICKENS FRANKS, J.
