# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 25, 2012 Session

## JANET CHARLENE HOOBERRY v. RONALD SCOTT HOOBERRY

**Appeal from the Chancery Court for Humphreys County**
**No. 2007-CV-205     George C. Sexton, Judge**

---

**No. M2011-01482-COA-R3-CV - Filed June 20, 2012**

---

Wife filed a complaint against Husband seeking a legal separation or, in the alternative, an absolute divorce. Husband counter-claimed for a divorce. Both Wife and Husband alleged the other had engaged in marital misconduct. The trial court awarded Wife a legal separation for two years, ordered Husband to pay Wife $1,500 per month as alimony during that period, and divided the marital estate between the parties. The trial court refused Wife's request for attorney's fees. Wife appealed, claiming the trial court erred by failing to award her alimony *in futuro*, a larger portion of the marital estate, and her attorney's fees. We affirm the trial court's judgment in all respects. First, the statute addressing legal separation directs the trial court to make a final and complete adjudication of the parties' support rights following the parties' legal separation when the court awards the parties an absolute divorce. Thus, Wife's request for alimony *in futuro* is premature. Second, Wife failed to show the court's division of marital property was inconsistent with the factors set forth in Tenn. Code Ann. § 36-4-121(c) or was not supported by a preponderance of the evidence. Third, Wife failed to establish that the trial court abused its discretion in denying her request for attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

BEN H. CANTRELL, SR. J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and RICHARD H. DINKINS, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, for the appellant, Janet Charlene Hooberry.

Douglas Thompson Bates, III, Centerville, Tennessee, for the appellee, Ronald Scott Hooberry.

# OPINION

## I. BACKGROUND

The parties in this case were married for approximately eight and a half years when Janet Charlene Hooberry ("Wife") filed a Complaint for Legal Separation/Divorce.[1] The parties did not have any children together. As grounds for her complaint, Wife alleged Ronald Scott Hooberry ("Husband") had engaged in inappropriate marital conduct and the parties had developed irreconcilable differences. Wife suffers from multiple sclerosis and requested, in addition to an award of alimony and attorney's fees, that Husband be required to maintain medical insurance for her on both a temporary and permanent basis.

Husband filed an Answer and Counter-Complaint in which he denied Wife's allegations of inappropriate marital conduct. Husband admitted Wife suffers from multiple sclerosis and is unable to work, but he alleged Wife should not be awarded alimony due to the short duration of the marriage. As Counter-Plaintiff, Husband alleged Wife was guilty of inappropriate marital conduct and asked the court to grant him a divorce. Wife answered Husband's counter-claim, denying she had engaged in any wrongful conduct and asking the court to dismiss Husband's counter-claim.

Eleven months after Wife filed her Complaint For Legal Separation/Divorce, the parties attempted a reconciliation to try to make their marriage work, and the trial court entered an Order of Reconciliation. The attempt at reconciliation was unsuccessful, however, and on March 30, 2009, Husband asked the court to recommence the divorce proceedings.

The parties tried their case on October 29, 2010. Wife was fifty-two years old at the time of trial, and Husband was forty-eight years old. Wife's testimony was uncontroverted that she suffers from multiple sclerosis and epilepsy, and she testified that she is unable to work or obtain medical insurance. Wife also testified she does not qualify for social security disability insurance. Wife submitted as an exhibit a list of her monthly expenses that totaled $2,498. Wife testified that she was seeking a legal separation rather than a divorce so that she could continue to receive medical coverage through Husband's employer.

Husband testified he wanted a divorce rather than a legal separation because the parties had already tried to make the marriage work, to no avail. He acknowledged Wife's health issues and did not contest Wife's testimony that she was unable to work or to obtain

---

[1]The parties were married in April 1999 in Tennessee, but due to a failure to file the marriage certificate properly, they remarried the following year in Florida.

medical insurance due to her preexisting conditions. Husband confirmed Wife's testimony that Wife would not be eligible for medical insurance under his employer's policy once the parties were divorced.

## II. TRIAL COURT'S JUDGMENT

The trial court issued its Final Order on November 29, 2010. The court stated the following, *inter alia*:

1. Each party is entitled to a divorce pursuant to T.C.A., Sec. 36-4-129; however the Court decrees as follows:

   A. The parties are declared to be legally separated for a period of two years and during this period HUSBAND shall pay to WIFE the sum of ONE THOUSAND, FIVE HUNDRED AND NO/100 ($1,500) DOLLARS per month as alimony. Each payment shall be mailed or delivered by the 15th of each month.

   B. During the parties' legal separation, HUSBAND will be required to provide medical insurance coverage for WIFE.

   . . . . .

8. Remaining court costs shall be split equally and each party shall pay their own attorney's fee.

Wife filed a motion for a new trial or for the court to alter or amend its judgment, which the court denied. This appeal followed. Wife argues on appeal that the trial court erred in failing to award her alimony *in futuro*, in light of her multiple sclerosis, and in failing to award her attorney's fees. She also contests the court's division of marital property.

## III. LEGAL SEPARATION

Although neither Husband nor Wife addressed the effect of the trial court's declaration that the parties were to be legally separated for two years, we find that was an important aspect of the court's order and explains why the trial court did not address Husband's obligation for alimony or other support following the two-year legal separation period.

Tennessee Code Annotated has a section entitled "Legal Separation," which provides

as follows:

> (a) A party who alleges grounds for divorce from the bonds of matrimony may, as an alternative to filing a complaint for divorce, file a complaint for legal separation. Such complaint shall set forth the grounds for legal separation in substantially the language of § 36-4-101 and pray only for legal separation or for such other and further relief to which complainant may think to be entitled. The other party may deny the existence of grounds for divorce but, unless the other party specifically objects to the granting of an order of legal separation, the court shall declare the parties to be legally separated.

> (b) If the other party specifically objects to legal separation, the court may, after a hearing, grant an order of legal separation, notwithstanding such objections if grounds are established pursuant to § 36-4-101. The court also has the power to grant an absolute divorce to either party where there has been an order of legal separation for more than two (2) years upon a petition being filed by either party that sets forth the original order for legal separation and that the parties have not become reconciled. **The court granting the divorce shall make a final and complete adjudication of the support and property rights of the parties.** However, nothing in this subsection (b) shall preclude the court from granting an absolute divorce before the two-year period has expired.

> (c) Legal separation shall not affect the bonds of matrimony but shall permit the parties to cease matrimonial cohabitation. **The court may provide for matters such as child custody, visitation, support and property issues during legal separation upon motion by either party or by agreement of the parties.**

> (d) Notwithstanding this section, a party who can establish grounds for divorce from the bonds of matrimony pursuant to § 36-4-101 shall be entitled to an absolute divorce pursuant to the provisions of this chapter.

Tenn. Code Ann. § 36-4-102 (2010) (emphasis added).

Once Wife and Husband have been legally separated for two years, either party may petition the court for an absolute divorce to be granted to Wife or for the parties to be declared divorced. Tenn. Code Ann. §§36-4-101(a)(15), 36-4-102(b), and 36-4-129(b) (2010); *see Abney v. Abney*, 433 S.W.2d 847, 849-50 (Tenn. 1968) (once parties are legally separated, absolute divorce may be granted only to party who obtained legal separation); *Hill*

*v. Hill*, 2008 WL 1822453, at *6 (Tenn. Ct. App. Apr. 23, 2008) (where appeals court determined trial court improperly ordered the parties legally separated, appeals court declared parties divorced pursuant to §36-4-129(b) because wife sought legal separation rather than divorce and husband engaged in inappropriate marital conduct); *Teague v. Teague*, 2007 WL 1574291, at *4 (Tenn. Ct. App. May 31, 2007) (although either husband or wife may seek divorce pursuant to express terms of §36-4-102(b), divorce may only be granted to party who obtained legal separation).

The trial court ordered the parties to be legally separated for two years. Neither Husband nor Wife has appealed this portion of the trial court's order. Moreover, neither Husband nor Wife has challenged the monthly order of support the trial court ordered Husband to make to Wife throughout the parties' separation. After the parties are separated for two years, section 36-4-102(b) provides them an opportunity to seek an absolute divorce. *See Joiner v. Joiner*, 1998 WL 426887, at *2 (Tenn. Ct. App. July 29, 1998) (statute as well as case law require a party to petition the court for absolute divorce once parties are declared to be legally separated) (citing *Abney v. Abney*, 456 S.W.2d 364 (1970)).

Although the trial court did not address future orders of support it may award when either Husband or Wife seeks an absolute divorce, the statute specifies that it "shall make a final and complete adjudication of the support . . . rights of the parties." *See Teague*, 2007 WL 1574291, at *3 (when parties who have been legally separated are awarded absolute divorce, trial court is directed to adjust the support and property rights of the parties).

The case *Joiner v. Joiner*, 2001 WL 329529 (Tenn. Ct. App. March 28, 2001), also involved a legal separation and is instructive. The parties in that case signed an agreement providing for a final division of their marital property and a support order in which the husband agreed to pay the wife $300 per month until her death or remarriage. *Id.* at *1. The trial court held a hearing to make sure the terms of the agreement addressing the parties' property division and support were fair. *Id.* When the husband later filed a petition for an absolute divorce, the wife argued she should not be bound to the terms of the agreement she had made earlier. Instead, she contended that the express terms of section 36-4-102 required the trial court to make a final and complete adjudication of the support and property rights of the parties when the court granted an absolute divorce. *Id.* at *3. The trial court rejected the wife's argument and refused to hold an evidentiary hearing to determine for a second time the parties' property division and support obligations because the wife did not allege there were any new facts for the court to consider that were not in evidence earlier when the trial court held a hearing to determine the fairness of the party's agreement. *Id.* at *3-4.

The *Joiner* wife appealed the trial court's refusal to hold a second evidentiary hearing. This court reviewed the statutory language of section 36-4-102(b), and after applying the

language to the facts, affirmed the trial court's judgment. *Id.* at *4-6. The *Joiner* court noted that "the parties initially sought an absolute divorce and agreed to such divorce, but attempted to simply delay its effective date by a few months. The support and property division were intended to be final." *Id*. at *4. The *Joiner* court explained:

> Although in most cases an evidentiary hearing will be required at the time an absolute divorce is awarded, that is not always true. In many cases, an order granting a divorce from bed and board is not intended to make final disposition of the parties' property. In those situations, the parties seek a legal separation without knowledge that a reconciliation will not be successful. Then, property distribution and support awards at the beginning of a legal separation are not intended to be a final adjudication of such issues if a reconciliation does not occur. The trial court opined that "a final property hearing will usually be required," since such a hearing is usually necessary for a re-examination of the temporary award of property and support made upon the grant of divorce from bed and board.

*Id.* at *4.

The *Joiner* parties wanted to be legally separated for three and a half months before becoming divorced because the wife would not qualify for Medicare for three and a half months, and her husband's employer would not continue to maintain her on its insurance policy once she was divorced. *Id.* at *1. The parties did not anticipate a reconciliation and had no other reason to seek a legal separation rather than an absolute divorce. *Id.* at *4-5.

The facts of the case at bar are similar to the extent Wife sought a legal separation rather than a divorce so that she could remain on Husband's employer's insurance policy for as long as possible.[2]  Although Husband and Wife, like the parties in *Joiner*, did not

---

[2]The undisputed testimony was that once Husband and Wife were divorced, Husband's employer would not continue to provide medical insurance to Wife. The trial court recognized this by stating the following from the bench after the close of evidence:

> [B]ased upon the proof, everybody is going to know, will know why I'm doing what I'm doing. First of all, I'm going to say that the parties are entitled to a divorce based upon . . . 36-4-129. That's basically where the Court finds that both parties are entitled to a divorce.
>
> And I'm going to order that both of them, being entitled to a divorce, I'm going to order that they be legally separated for a period of two years. During which time the

(continued...)

anticipate a reconciliation, the trial court did not address the amount of alimony Husband would pay to Wife once the two-year period of legal separation had passed. Unlike *Joiner*, the trial court in this case specified only that Husband was to pay Wife $1,500 during the parties' legal separation. The court did not state Husband would pay a different amount following the two-year legal separation or that Husband would not be required to pay any amount at that time. The court simply did not address Husband's future alimony obligations.

In light of the statute's express provision for a determination of the parties' support rights when two years have passed and the parties are entitled to an absolute divorce, we believe it is premature to address the type of support to which Wife may be entitled before the two-year period has passed. Once one or both parties petition(s) the court for an absolute divorce and the trial court has an opportunity to hear additional evidence and determine the type and amount of support that is appropriate based on the circumstances existing at that time, one or both parties will have the opportunity to appeal the award if one or both parties is/are unhappy with the court's order.

Accordingly, we affirm the trial court's judgment requiring Husband to pay Wife $1,500 during the parties' legal separation and hold the trial court did not err in failing to award Wife alimony in futuro. The trial court will have an opportunity to address Wife's request for alimony *in futuro* once the parties return to the trial court seeking an absolute divorce.

## IV. PROPERTY DIVISION

Wife next contends the trial court erred in failing to award her a larger portion of the marital estate. Husband introduced as an exhibit at trial a schedule listing the parties' marital assets and debts and proposing a way for the court to divide the property between the parties. The court adopted Husband's proposal, and Wife now complains that "[t]he division adopted by the trial Court provides for Mr. Hooberry to receive $16,658.82 more than half of the total value of property and Mrs. Hooberry to receive $16,658.99 less than half of the total value of property."

When dividing marital property, the trial judge's goal is to divide the marital property in an equitable manner. *Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. App. Ct. 2001). "A division is not rendered inequitable simply because it is not precisely equal, or because each party did not receive a share of every piece of marital property." *Kinard v. Kinard*, 986 S.W.2d 220, 230 (Tenn. Ct. App. 1998). A trial court should use the factors listed in Tenn.

---

[2](...continued)
husband will keep insurance on the wife and continue to pay her $1,500 a month.

Code Ann. § 36-4-121(c) as a guide when dividing a marital estate.

"Trial judges have wide latitude in fashioning an equitable division of marital property, and appellate courts accord great weight to a trial judge's division of marital property. Thus, we will ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence." *Manis*, 49 S.W.3d at 306 (citing *Long v. Long*, 957 S.W.2d 825, 828 (Tenn. Ct. App. 1997)).

Wife does not challenge Husband's valuation of the parties' property that the court adopted, nor does she suggest how the court should have divided the parties' property differently. Instead, she complains that she should have been awarded "an additional $16,658.82 from proceeds of marital property." Wife attached to her brief a document entitled "Wife's Proposed Summary of Property Division" ("Wife's Proposed Division"). A review of Wife's Proposed Division leaves us with more questions than answers, however, and does not advance Wife's cause.

In Wife's Proposed Division, Wife lists cash that the court awarded to Husband in the amount of $75,097.81, but she does not explain how she arrived at this figure. The parties owned four parcels of real property that were sold in July 2010, and Husband was awarded $17,048.91 in cash from these sales. There was another parcel of property sold during the parties' reconciliation, and Husband received $1,000 from that sale. Deducting $18,048.91 from $75,097.81 leaves a cash amount of $57,048.90 that Wife alleges the court awarded to Husband that is unaccounted for in Wife's Proposed Division.[3]

Another problem with Wife's Proposed Division is her treatment of the parties' joint debts. The court determined that Husband was responsible for satisfying the parties' joint debts that totaled $23,607. Wife does not contest this allocation to Husband, but she failed to deduct that amount from the net amount awarded to Husband, as she should have. Once the parties' joint debts are deducted from Husband's award, our calculations show the court awarded Wife a larger portion of the marital estate than Husband. Husband does not complain he should have been awarded more than he was, however, so we have no cause to investigate the court's award further.

Wife does not explain how the trial court's division of the parties' marital assets is inconsistent with the factors set forth in Tenn. Code Ann. § 36-4-121(c) or is not supported

---

[3]Husband has a deferred income account worth $38,000 that the parties agree is Husband's separate property, and Wife has two parcels of real estate that the parties agree constitute Wife's separate property. The values of these separate properties should not be considered in the division of the parties' marital assets.

by a preponderance of the evidence as she must to prevail on her claim that the court erred in failing to award her a larger portion of the marital estate.[4] Upon a review of the record we do not find the trial court abused its discretion in dividing the parties' marital estate. We therefore affirm the trial court's judgment in this regard.

## V. ATTORNEY'S FEES

Wife's final argument on appeal is that the trial court erred in refusing to award her the attorney's fees she incurred at trial. Husband points out that Wife did not put on evidence at trial or inform this court of the amount of attorney's fees she is seeking to recover. Husband also claims that Wife unduly delayed several of the proceedings at the trial court level, and to the extent she incurred high legal bills, she has no one to blame but herself.

This court has explained the standard for awarding attorney's fees in a divorce action as follows:

> In a divorce action, an award of attorney's fees is treated as additional spousal support. *See Smith v. Smith*, 912 S.W.2d 155, 161 (Tenn. Ct. App. 1995); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988). The decision to award attorney's fees lies within the sound discretion of the trial judge, *see Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995); *Brown v. Brown*, 913 S.W.2d 163, 170 (Tenn. Ct. App. 1994), and we will not interfere with the trial judge's decision unless the evidence preponderates against it. *See Batson v. Batson*, 769 S.W.2d 849, 862 (Tenn. Ct. App. 1988). A party is entitled to attorney's fees when he or she lacks sufficient funds to pay his or her legal expenses or would be required to deplete other assets to do so. *See Brown v. Brown*, 913 S.W.2d at 170; *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App.1995).

*Earls v. Earls*, 42 S.W.3d 877, 890 (Tenn. Ct. App. 2000); *see Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011) ("The decision whether to award attorney's fees is within the sound discretion of the trial court.") (citations omitted); *Edmisten v. Edmisten*, 2003 WL 21077990, at *16 (Tenn. Ct. App. May 13, 2003) (need of spouse requesting attorney's fees is most important factor to consider); (*Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988) (award of attorney fees in divorce action is form of alimony). If a party has adequate property and income, she is not entitled to an award of alimony to cover her attorney's fees

---

[4]While it appears that the trial court made a permanent division of the parties' property rather than a temporary division, as the court was entitled to do pursuant to the language of Tenn. Code Ann. § 36-4-102(c), the parties have not raised this as an issue.

and expenses. *Gonsewski*, 350 S.W.3d at 113; *Edmisten*, 2003 WL 21077990, at \*16.

When the trial court in this case was issuing its ruling from the bench following the trial, it stated, "I'm not going to award any attorney's fees. She doesn't have the ability to pay them to begin with." Then, in the Final Decree the court ordered:

> 8.    Remaining court costs shall be split equally and each party shall pay their own attorney's fee.

In her brief, Wife argues the trial court erred by not awarding her attorney's fees after finding she was incapable of paying these fees. Wife does not offer any reasoning to support her argument and relies exclusively on the trial court's statement that she is incapable of paying these fees.

The Supreme Court has stated that a party is not entitled to an award of alimony to cover her attorney's fees and expenses if she has adequate property and income to pay these amounts. The evidence at trial showed that during the pendency of the parties' divorce/legal separation proceedings, Husband was ordered to pay the parties' monthly credit card statements, Husband was ordered to pay Wife $1,500 each month, Wife was given the exclusive right to the home where she was living, and Husband continued to provide Wife with medical insurance through his employer. In addition, Wife testified that she receives rental income each month in the amount of at least $400 on her separate property. Wife did not present evidence that she was unable to pay her attorney's fees and expenses as they became due or that she would deplete her resources to cover these expenses.

Although Wife did not present evidence of the amount she has incurred in attorney's fees and expenses, the record suggests she would have incurred less had she conducted herself differently during the proceedings below. For example, by Order dated October 29, 2010, the trial court ordered Wife to permit Husband to retrieve certain items of his personal property from the residence where she was living. Wife apparently prevented Husband from retrieving two of his guns, which led Husband to file a motion for contempt against Wife. Then, after the parties had agreed to sell certain parcels of real estate they owned, Wife refused to sign the paperwork. This led Husband to file a motion asking the court to compel Wife to sign the necessary documents for the sales to be completed. Finally, once the parties' trial was scheduled, Wife came into court four days before the trial was supposed to begin seeking a continuance, which the court denied. There is no doubt Wife could have avoided some of the legal fees she incurred had she acted differently during the pendency of her case.

This court will not interfere with the trial court's decision not to award Wife her attorney's fees absent a clear showing by Wife that the court abused its discretion. *Fickle v.*

*Fickle*, 287 S.W.3d 723, 737 (Tenn. Ct. App. 2008) (citations omitted). To show the trial court abused its discretion, Wife would have to show the court applied an incorrect legal standard or made a decision that is against logic or reasoning or that resulted in an injustice to her. *Edmisten*, 2003 WL 21077990, at *17. "The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court." *Id.* (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

Wife's reliance on the trial court's statement that she does not have the ability to pay her attorney's fees and expenses does not relieve her of the obligation to make a "clear showing" that the trial court abused its discretion in refusing to award her the fees. Wife failed to submit evidence of the amount of fees she was seeking, and she failed to show she was unable to pay them without depleting her resources. Accordingly, we affirm the trial court's judgment denying Wife's request for an award of attorney's fees and expenses.

Lastly, Wife asks that we award her the attorney fees she incurred on appeal. This court has discretion to decide whether or not to award a party attorney's fees on appeal. *Moran v. Willensky*, 339 S.W.3d 651, 666 (Tenn. Ct. App. 2010) (citing *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995)). In considering such a request, we consider the requesting party's ability to pay the fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in the case. *Moran*, 339 S.W.3d at 666 (citing *Darvarmanesh v. Gharacholou*, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005)). Considering the relevant factors in this case, we decline to exercise our discretion to award Wife her attorney's fees incurred in this appeal.

## VI. CONCLUSION

For the reasons discussed above, we affirm the trial court's judgment in all respects. Costs of this appeal shall be assessed against the appellant, Janet Charlene Hooberry, for which execution shall issue if necessary.

_____
BEN H. CANTRELL, SR. JUDGE